UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

DANIEL ROSADO, et al.,

Plaintiff,

vs.   CIVIL NO. 98-1384 (DRD)

PUERTO RICO PEPSI COLA BOTTLING CO.,

Defendants.

## OPINION AND ORDER

The Plaintiffs', Daniel Rosado ("Rosado"), his wife Mary Rosado and the Conjugal Society comprised by them (collectively "Plaintiffs"), filed an Amended Complaint. (Docket No. 22). Pending before this court is Defendant's, Pepsi Cola Puerto Rico Bottling Company ("Pepsi"), Motion to Dismiss for Failure to State a Claim for Which Relief can be Granted (Docket No. 24), requesting dismissal of Plaintiffs' second, third, and four causes of action pursuant to FED. R. CIV. P. Rule 12(b)(6). Plaintiffs opposed. (Docket No. 26).

Under the familiar Rule 12(b)(6) standard, the Court takes all pleaded facts as true and views those facts in a light most favorable to the Plaintiffs and indulging Plaintiffs with all reasonable inferences adduced therefrom. See Brown v. Hot, Sexy & Safer Prods., Inc., 68 F.3d 525, 530 (1st Cir. 1995). After affording Plaintiffs with this favorable interpretation of the facts, the Court tests the sufficiency of the Complaint. See id. Only if the Plaintiffs cannot recover under any viable legal theory on the facts as plead, may the Court dismiss. See Correa-Martinez v. Arrillaga-Belendez, 903 F.2d 49, 52 (1st Cir. 1990).

The Amended Complaint alleges four causes of action:

First: Pepsi induced Rosado to leave his employment with Pepsi here in Puerto Rico to go to work in Brazil for Buenos Aires Embotelladora S.A. ("BAESA"), under the representation that Pepsi would honor a management incentive program. Rosado avers that prior to Pepsi's wrongful inducement for him to leave to Brazil he was entitled to $198,071.00 under said incentive program;

Second: Under a theory of unjust enrichment Pepsi owes Rosado the monies averred to in the first cause of action and for Rosado's relocation to Brazil resulting in incurred tax liabilities of a) of $15,000.00 in relation to his 401(K) plan, and b) $15,000 as a result of the tax differential between the United States and Puerto Rico tax codes;

Third: Rosado was purposely excluded from Pepsi's job-out-placement program causing damages valued at $500,000.00. The monies owed by Pepsi caused Rosado to lose business opportunities due to lack of capital valued at $1,000,000.00. Further, Pepsi purposely delayed Rosado's Visa application and thereby Rosado had to live without personal effects for eleven months in Brasil which caused Plaintiffs considerable mental anguish and distress causing damages valued at $50,000.00 under P.R. LAWS ANN. tit. 31, § 5141 (1930) for tort damages to Plaintiffs; and,

Fourth: If Pepsi's relocation of Rosado to Brazil is construed as a well schemed disguised termination, then Pepsi owes him $115,000.00 as severance pay pursuant to Rosado's employment contract with the Defendant.

See (Docket No. 22, Amended Complaint, pp. 2-4).

Pepsi in its motion to dismiss for "failure to state a claim upon which relief can be granted," FED. R. CIV. P. Rule 12(b)(6), requests dismissal of Plaintiffs' second, third, and four

Page -2-

causes of action.

## SECOND CAUSE OF ACTION

Clearly, under the facts plead in the Amended Complaint, Plaintiffs can recover under a theory of unjust enrichment for the first cause of action. See (Docket No. 22, Amended Complaint, pp. 2-3). Equally clear, is that Plaintiffs do not have a cause of action under the theory of unjust enrichment for Rosado's relocation to Brazil resulting in incurred tax liabilities of a) of $15,000.00 in relation to his 401(K) plan, and b) $15,000 as a result of the tax differential between the United States and Puerto Rico tax codes. Therefore, Pepsi's motion is **GRANTED IN PART** only as it pertains to the theory of unjust enrichment which must be **DISMISSED** as it applies to the incurred tax liabilities. However, also under the facts plead for this second cause of action of tax liabilities in conjunction with the first cause of action, there may be a recovery under a consequential damages theory and, thus the Court cannot emphatically state that "it clearly appears, according to the facts alleged, that the plaintiff cannot recover on any viable theory." Correa-Martinez v. Arrillaga-Belendez, 903 F.2d at 52.

## THIRD CAUSE OF ACTION

Plaintiffs' above referenced monies owed by Pepsi to Rosado and not paid caused Rosado to lose business opportunities due to lack of capital (damages $1,000,000.00), surely states a claim for consequential damages. Further, the Plaintiffs' allegation that Rosado was purposely excluded from Pepsi's job-out-placement program (damages $500,000.00), implicates a benefit that Rosado would have been entitled but for Pepsi's wrongful inducement to leave. Lastly, acts

Page -3-

done in Puerto Rico by Pepsi to purposely delay Rosado's Visa application may be recoverable under P.R. LAWS ANN. tit. 31, § 5141 (1930).

## FOURTH CAUSE OF ACTION

The Court is convinced that after giving full credence to Plaintiffs' well-pleaded facts in the first cause of action (Pepsi's agent, Charles H. Beach, induced Rosado to leave Pepsi to transfer to BAESA and misled Rosado for the purpose of not paying an earned benefit which he was entitled, the management incentive program), that the same inducement could be construed as a well schemed wrongful termination[1] allowing Plaintiffs to recover for severance pay pursuant to Rosado's employment contract. Pepsi's motion to dismiss (Docket No. 24) is **DENIED** as to this cause of action.

## CONCLUSION

Wherefore, Defendant's, Pepsi Cola Puerto Rico Bottling Company, Motion to Dismiss for Failure to State a Claim for Which Relief can be Granted (Docket No. 24), is **GRANTED IN**

---

[1] Although issues of motive and intent are usually addressed at the summary judgment juncture, the Court notes that Defendant's alleged wrongful inducement of Rosado to leave Pepsi to transfer to Brazil is imbued with issues of motive and intent, which are reserved for resolution by a jury. See e.g. Domínguez-Cruz v. Suttle Caribe, Inc., ___ F.3d ___, 2000 WL 97676, *7 (1st Cir. Feb. 2, 2000) (citing Mulero-Rodriguez v. Ponte, Inc., 98 F.3d 670, 677 (1st Cir.1996) (reversing summary judgment and noting that 'determinations of motive and intent, particularly in discrimination cases, are questions better suited for the jury'); see also Brennan v. GTE Gov't Sys. Corp., 150 F.3d 21, 30 (1st Cir. 1998) (reversing directed verdict entered for defendant in ADEA case); Woodman v. Haemonetics Corp., 51 F.3d 1087, 1092 (1st Cir.1995) (reversing summary judgment for defendant in ADEA case)). For example was Rosado transferred in good faith or was the transfer nothing more than a disguise for a well schemed termination designed to cleverly dispose of Rosado's contracted employment and incentive rights and benefits.

**PART** only as it pertains to the theory of unjust enrichment as it applies to the incurred tax liabilities. Thus, the incurred tax liabilities causes of action as brought under the theory of unjust enrichment must be **DISMISSED**. The remainder of Pepsi's motion is **DENIED**. (Docket No. 24).

IT IS SO ORDERED.

Date: **February 29, 2000**

P:\FINALORDERS\98-1384 DIS

**DANIEL R. DOMINGUEZ**
**U.S. DISTRICT JUDGE**

Page -5-