UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

DANIEL ROSADO, et al.,
v.
PUERTO RICO PEPSI COLA BOTTLING CO.

CASE NUMBER: 98-1384 (DRD)

## ORDER

On June 8, 2000, Defendant, Pepsi Cola Puerto Rico Bottling Company ("Pepsi"), filed a Motion Requesting Leave to Amend the Answer to the Amended Complaint (Docket No. 34), requesting leave to file an Amended Answer. Plaintiffs opposed. (Docket No. 38). The Court **GRANTS** Pepsi's leave to file a reply (Docket No. 39) and thus, considers the reply tendered therewith.

Pepsi seeks leave to amend its answer to add the following: "18. In the alternative, under the terms of the incentive program plaintiff was not entitled to benefits because his employment with PCPRBC and/or BAESA was terminated with cause before December 31, 1996." (Docket No. 37; p. 5 ¶ 18).

First, a party must affirmatively plead any "matter constituting an avoidance or affirmative defense." FED. R. CIV. P. 8(c). Notwithstanding, the Court acknowledges that "leave shall be freely granted when justice so requires." FED. R. CIV. P. 15(a). Further, the Court holds that Pepsi timely sought leave to amend its answer. This Court requires that all "proposed amended pleadings" be filed on or before the Initial Scheduling Conference date. (Docket No. 29; p. 9). Pepsi filed its request for leave prior to the conference (Docket No. 34), and tendered the proposed amended answer to the Court at the conference. (Docket Nos. 36 & 37). The Court believes that the plaintiffs do not point to any substantial prejudice that would accrue from the amended answer. This case is still in the discovery phase. Finding no substantial undue prejudice or inconvenience, the Court exercises its discretion and **GRANTS** Pepsi's request for leave to file an amended answer (Docket No. 34). See e.g. Foman v. Davis, 371 U.S. 178, 182 (1962) ("In the absence of any apparent or declared reason–such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.–the leave sought should, as the rules require, be 'freely given.'"); 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE, § 1278 n. 24 (2d ed. 1990). Thus, Pepsi's live pleading is the Amended Answer to the Amended Complaint at Docket No. 37.

**IT IS SO ORDERED.**

Date: October 16, 2000

DANIEL R. DOMINGUEZ
U.S. District Judge

P:\PEACHORD.ERS\98-1384.ORD

