IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

DANIEL ROSADO, et. al.

Plaintiffs

v.                                                            CIVIL NO. 98-1384 (DRD)

PUERTO RICO PEPSI COLA BOTTLING CO.

Defendants

---

## REPORT AND RECOMMENDATION

Defendant, Pepsi Cola Puerto Rico Bottling Company ("PCPRBC"), has moved for partial summary judgment as to plaintiff's Third and Fourth Causes of Action. See *Motion For Partial Summary Judgment* (Docket No. 54).

The plaintiff, in turn, filed an opposition thereto (Docket No. 59). Reply and Sur-reply memoranda were subsequently filed by the parties (Docket Nos. 63 and 68, respectively). The matter was then referred to the undersigned for report and recommendation (Docket No. 69).

### I. Local Rule 311.12

The Court's initial task when faced with summary judgment papers is to determine whether the parties have complied with Local Rule 311.12. Said Rule provides:

> Upon any motion for summary judgment, there shall be served and filed annexed to the motion a separate, short, and concise statement of the material facts as to which the moving party contends there is no genuine issue to be tried and the basis of such contention as to each material fact, properly supported by specific reference to the record.
>
> All material facts set forth in the statement required to be served by the moving party shall be deemed to be admitted unless controverted by the statement required to be served by the opposing party.
>
> The papers opposing a motion for summary judgment shall include a separate, short, and concise statement of the material facts as to which it is contended that there exists a genuine issue to be tried, properly supported by specific reference to the record. The statements referred to above shall be in addition to the material required by subdivisions (4), (5), and (6) of this Rule.

CIVIL NO. 98-1384 (DRD)                                2

The purpose of Local Rule 311.12 is to prevent the Court, when ruling upon a summary judgment motion, from having to ferret through the record in order to search for genuine issues of material fact, or, the lack thereof. See Rivera Vélez v. Puerto Rico Electric Power Authority, 170 F. Supp. 2d 158, 162 (D.P.R. 2001) (Domínguez, J.). Rule 311.12's mandate is not a lax one; contrariwise, it is of the essence and requires strict compliance therewith, which a District Court cannot simply ignore based on leniency considerations. See Morales v. A. C. Orssleff's EFTF, 246 F. 3d 32, 33 (1st Cir 2001) (noting that a party's failure to comply with Rule 311.12 will, where appropriate, be grounds for judgment against the party); Rivera Vélez, supra at 163 (admonishing this Magistrate-Judge to always require parties to comply with Rule 311.12).

At the outset in this case, the Court notes that PCPRBC has duly complied with Rule 311.12 by filing, along with its summary judgment motion, its separate, short and concise statement of undisputed material facts in full observance with the first paragraph of said Rule.

Plaintiff, however, has not fully heeded Rule 311.12's strict mandate. The second paragraph of the Rule requires that plaintiff controvert all material facts set forth in PCPRBC's statement of uncontested facts. PCPRBC's statement of uncontested facts contains fifty four (54), separate, short and concise factual statements, each appropriately referenced to the record. See Docket No. 54. Plaintiff's counterstatement, in turn, contains only four (4) contested facts. See Docket No. 59.

The plaintiff's Rule 311.12 counterstatement only contradicts paragraphs 2, 4, 5 and 51 of PCPRBC's statement. Thus, pursuant to the second paragraph of Rule 311.12, paragraphs 1, 3, 6-50, and 52-54 of PCPRBC's statement of uncontested facts are deemed admitted for purposes of ruling on its motion for summary judgment.

II. **Fed. R. Civ. P. 56(e)**

Fed. R. Civ. P. 56(e) provides:

> **(e) Form of Affidavits; Further Testimony; Defense Required.** Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be

CIVIL NO. 98-1384 (DRD)                              3

>  supplemented or opposed by depositions, answers to interrogatories, or further affidavits. <u>When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue of trial.</u> If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party. (Emphasis added).

At the outset, the Court notes that paragraph 4 of plaintiff's statement of contested facts fails to comply with Rule 56(e). Said paragraph states "PCPRBC provided job outsourcing opportunities to some departing executives" and then makes reference to plaintiff's own affidavit, prepared to accompany his own 311.12 statement. However, the affidavit itself does not even mention evidence supportive of plaintiff's paragraph four which would be admissible into evidence at trial. Consequently, pursuant to Fed. R. Civ. P. 56(e) and Local Rule 311.12 paragraph 51 of PCPRBC's statement of uncontested facts must also be deemed admitted.

Paragraphs 1, 2 and 3 of plaintiff's statement of contested facts state the following:

1. Not all terms and conditions of [plaintiff's] employment contract with [PCPRBC] are included in the letters dated February 8, 1993 and February 22, 1993 (references omitted).

2. [Plaintiff] signed two letters of understanding in June 1995 related to BAESA's employment (references omitted).

3. PCPRBC had additional moving responsibilities towards [plaintiff] than the ones included in the June 26, 1995 letter (reference omitted).

As stated earlier, these three paragraphs are intended to counter paragraphs 2, 4 and 5 of PCPRBC's statement of uncontested facts. The Court, however, fails to see how exactly plaintiffs' three counterstatements "set forth specific facts showing that there is a genuine issue for trial" as required by Fed. R. Civ. P. 56(e).

The <u>only</u> exhibit that presents <u>specific</u> facts countering paragraphs 2, 4 and 5 of PCPRBC's statement of uncontested facts is plaintiff's own affidavit which states that: (i) plaintiff was entitled to a severance payment (<u>see</u> ¶¶ 3, 4 and 5 of affidavit); (ii) plaintiff was excluded from PCPRBC's job-out placement program (<u>see</u> ¶ 7 of affidavit); and, (iii) plaintiff's Brazilian work visa was not obtained because of PCPRBC's fault (<u>see</u> ¶¶ 9, 10 and 11 of affidavit). The plaintiff's statements

CIVIL NO. 98-1384 (DRD)                                    4

in his own affidavit, however, constitute inadmissible hearsay and/or are self-serving statements lacking personal knowledge. Consequently, these statements cannot be used to counter PCPRBC's statement of uncontested facts. See, e.g., Garside v. Osco Drug, Inc., 895 F. 2d 46, 50 (1st Cir. 1990)(holding that a party may not rely on hearsay to oppose a proper motion for summary judgment); FDIC v. Roldán Fonseca, 795 F. 2d 1102, 1110 (1st Cir. 1986) (same); Smith v. Williams Hospitality Mgmt. Corp., 950 F. Supp. 440, 444 (D.P.R. 1997) (same); Ponce Federal Bank, F.S.B. v. The Vessel "Lady Abby", 780 F. Sup. 878, 881 (D.P.R. 1992) (same). See also, e.g., Santiago-Ramos v. Centennial P. R. Wireless Corp., 217 F. 3d 46, 53 (1st Cir. 2000) (holding that affidavits which do not provide specific factual information made on the basis of personal knowledge are insufficient for opposing a proper summary judgment motion); Nereida-González v. Tirado-Delgado, 990 F. 2d 701, 706 (1st Cir. 1993) (same); Martínez v. Junta de Planificación, 736 F. Supp. 413, 419 (D.P.R. 1990) (holding that "[a] genuine issue for trial precluding summary judgment is not created by mere allegations in the pleadings or by surmise and conjecture on the part of litigants; nor may summary judgment be defeated on gossamer threads of whimsy and speculation") (citations omitted). Thus, the Court, for purposes of ruling upon the motion for partial summary judgment before it must deem as admitted PCPRBC's statement of uncontested facts, as warranted by Fed. R. Civ. P. 56(e) and Local Rule 311.12.

III- **Analysis**

**(i) Uncontested Facts**

The facts considered by the Court are those contained in PCPRBC's statement of uncontested facts (Docket No. 54). The most salient of these for purposes of the matter at hand are as follow.

In February 1993, PCPRBC made an employment offer to Daniel Rosado, the plaintiff, which was accepted by Rosado in March, 1993. The terms and conditions of Rosado's employment contract with PCPRBC are included in letter dated February 8, 1993, as modified by another letter dated February 22, 1993, with the exception of the amount offered for housing. On July 1995, Rosado began to work for BAESA, Florida Division ("BAESA"), pursuant to a Letter of Understanding, and occupied the position of Business Development Director in Pepsi Cola

Engarrafadora do Brazil ("Engarrafadora"), BAESA's Company in Brazil. Rosado signed a Letter of Understanding in June 1995 that stated Rosado's terms and conditions of employment with BAESA. In June 26, 1995, Rosado signed a document stating the agreed PCPRBC's moving responsibilities towards Rosado.



Rosado and his family moved to Brazil in July 1995 in order for Rosado to occupy his position in Engarrafadora. Rosado had been issued a temporary visa with multiple entries to work in Brazil in May 19, 1995, which would be valid for a period of four years. Rosado's family, composed of his wife Mary Rosado (co-plaintiff) and their three sons, entered and lived in Brazil with a tourist visa until they were issued permanent visas. Rosado had been told that it would take around six weeks in order for the Brazil Government to issue permanent visas. Counsel from the Law firm of Demarest e Almeida were the Brazil local attorneys of Engarrafadora. Demares e Almeida were in charge of handling permanent visa applications and obtaining such visas from the Brazilian Government for non-Brazilian management employees of Engarrafadora. Demarest e Almeida specifically handled Rosado's and his family's permanent visa application. Brazilian permanent visa applications had to be initiated by the Company in Brazil, via the Immigration Division of the Ministry of Labor of Brazil. Rosado and his family did not receive their permanent visa in a period of six weeks. In January 19, 1996 Rosado received a letter from Demarest e Almeida explaining him the status of his and his family's visa applications. The January 19, 1996 letter from Demarest to Rosado stated that there had been a delay in obtaining the visas because "...since there were some modifications in the rules of this Department [Labour of Ministry], new documents have been requested for the issuance of visas, including an evidence of a connection between the company in Brazil and other companies of the same group". On February 14, 1996, less than a month after Rosado received the January 19, 1996 letter from Demarest e Almeida, Rosado and his family were issued their Brazilian permanent visas. In late 1996, Rosado's employment in BAESA was terminated. Following his termination, plaintiff was unable to obtain comparable employment opportunities, following his move back to the United States.

PCPRBC has never offered its executives or its terminated executives a Job-Out-Placement

**CIVIL NO. 98-1384 (DRD)**                    6

Program. Rosado was never excluded from a Job-Out-Placement Program because PCPRBC never had a Job-Out-Placement Program. Neither PCPRBC nor BAESA agreed to provide Rosado a Job-Out-Placement Program in the event of a termination of employment.

(ii) **Applicable Law**

In his Third Cause of Action[1] plaintiff claims to have suffered damages caused by PCPRBC, due to the latter's purposeful exclusion of plaintiff from a Job-Out Placement Program. This in turn, caused him economic and professional hardships. Furthermore, plaintiff alleges that PCPBRC purposely delayed his Brazilian visa application, causing him personal hardships while living in Brazil. The plaintiff seeks compensation for these alleged damages pursuant to Article 1802 of the Commonwealth's Civil Code, P. R. Laws Ann. tit. 31 § 5141.



In his Fourth Cause of Action[2] plaintiff alleges that because PCPRBC construed his relocation to Brazil as a termination of employment, PCPRBC owes him a severance payment

---

[1] Plaintiff's Third Cause of Action reads as follows:

10. Defendant, purposely, excluded Plaintiff Daniel Rosado from its job-out-placement program, available to its executives and which is customary within the Beverage Industry. Said exclusion caused him severe hardships in gaining career enhancing employment and caused considerable damages to Plaintiffs. These damages are estimated at $500.00.

11. Defendant, in purposely depriving Plaintiff Rosado of the money which was rightfully his and which has been referenced hereinbefore, caused the Plaintiff damages by not allowing them to participate in various business opportunities because of their lack of investment capital. These damages are estimated at $1,000,000.

12. Defendant caused Plaintiffs, by purposely delaying their Visa application, to live without any personal effects in Brazil, during eleven months, said actions caused Plaintiffs considerable anguish distress, and emotional damages. These damages are estimated at $50,000.

13. Under Puerto Rico's Civil Code, 31 L.P.R.A. 5141, damages caused to a person by another one's fault make the party causing the damages liable in tort and obliged to repair the damage so done.

[2] Plaintiff's Fourth Cause of Action reads as follows:

14. In the event that Defendant construes Plaintiff's relocation to Brazil as a termination, then, it would also be responsible to Plaintiff Rosado for his severance pay amounting to $115,000 pursuant to plaintiff's Daniel Rosado employment contract with Defendant.

**CIVIL NO. 98-1384 (DRD)** 7

pursuant to his employment contract.

In order for tort liability under Article 1802 of the Civil Code to attach based on non-feasance grounds, such as alleged in the Complaint, it is imperative that the defendant owe the plaintiff a legal duty to act. Absent such a duty, no liability arises. Sociedad de Gananciales v. González Padín, 117 D.P.R. 94, 125 (1986). If a duty does exist, however, proximate cause between the breach of said duty and the damages must also be present. Arroyo López v. Estado Libre Asociado, 126 D.P.R. 682, 689 (1986). In the case at bar neither of these elements is present.

The delay in obtaining plaintiff's visas was the result of changes in Brazilian immigration requirements. See Statement of Uncontested Facts at ¶¶ 16, 17 (Docket No. 54). Said delay is one wholly attributable to the Brazilian Government bureaucracy, and cannot be attributed to PCPRBC, which did not have the obligation to submit supporting documents not requested by immigration  authorities until the same were indeed requested.

Plaintiff's claim that PCPRBC excluded him from its Job-Out Placement Program is also belied by the uncontested fact that PCPRBC never offered such program. See Statement of Uncontested Facts at ¶¶ 51-53 (Docket No. 54).

In his Third Cause of Action plaintiff further claims that PCPRBC, by withholding money which was due to him, caused plaintiff damages by not allowing him to participate in various business opportunities because of his lack of investment capital. See Amended Complaint at ¶ 11 (Docket No. 22). However, as discussed previously, plaintiff has not adequately contested the properly supported statements presented by PCPRBC at ¶¶ 20-44 of its statement of uncontested facts (Docket No. 54). Therefore, this claim must also be summarily dismissed. The Court, in this instance, however, notes that plaintiff in his surreply (Docket No. 68) has proffered facts and submitted additional documentation to counter PCPRBC's statement of uncontested facts. Said effort, however, does not procedurally comply with Local Rule 311.12 as a supplemental statement of contested facts was not provided along with the surreply. See, e.g., Pagán de Jesús v. Toledo Dávila, 184 F.R.D. 24, 26 (D.P.R. 1999) (Domínguez, J.) (requiring supplemental 311.12 statement of facts to be filed along with motions filed subsequent to summary judgment and opposition

1  **CIVIL NO. 98-1384 (DRD)**                                8

2  thereto). More so, to allow plaintiff to supplement his 311.12 statement at this stage (his opposition

3  was filed on November 16, 2001) would unjustifiably prolong the present litigation.

4       Finally, in regards to plaintiff's Fourth Cause of Action, the Court also finds that there is no

5  genuine issue of material fact present. At ¶ 3 of his affidavit (exhibit 10 to Docket No. 59) plaintiff

6  states that *"PCPRBC was fully aware of its obligation to me of a severance payment equivalent to*

7  *one year's salary. This was discussed with several people. Mr. Charles Beach offered me a one*

8  *year severance payment verbally, through Mr. Lee Busch."* This statement, however, is

9  inadmissible hearsay, thus, insufficient to oppose a motion for summary judgment. See Garside,

10 supra; Fed. R. Civ. P. 56(e). The plaintiff has also offered as evidence of the existence of a



11 severance payment deal a questionnaire sent to him by PCPRBC's New York law firm, and in turn,

12 answered by him. See Exhibit 3 to Docket No. 59. Such statement, however, is self-serving and

13 was not approved by PCPRBC. More so, the questionnaire at issue was furnished to plaintiff for

14 use in connection with a Registration Statement covering a proposed sale of PCPRBC stock with

15 the SEC. Plaintiff was a company official required to fill out the same. Finally, while the record

16 does show that the terms and conditions of plaintiff's employment at PCPRBC at times were

17 modified, these changes were all made in writing. There is no admissible evidence in the record in

18 writing or otherwise suggesting that plaintiff became entitled to a severance payment.

19                               **CONCLUSION**

20      Pursuant to Fed. R. Civ. P. 56(e) and Local Rule 311.12, the Court finds that there exist no

21 genuine issues of material fact in regard to plaintiff's Third and Fourth Causes of Action. Thus the

22 entry of summary judgment is warranted as to both claims pursuant to Fed. R. Civ. P. 56(c).

23      Notwithstanding the above, the plaintiff's First Cause of Action is not the object of the

24 present motion for summary judgment, and as such, survives for trial purposes. As the first Circuit

25 has fittingly described, at trial *"anything is possible"*. New Comm Wireless Services, Inc. v. Sprint

26 Com., Inc., 287 F. 3d 1, 14 (1st Cir. 2002). The Court, thus, urges the parties at this moment to

27 seriously consider settlement possibilities and request a settlement conference.

28      **WHEREFORE**, in light of the above, the Court hereby **RECOMMENDS** that PRPCBC's

**CIVIL NO. 98-1384 (DRD)**                                          9

motion for partial summary judgment (Docket No. 54) be **GRANTED** in its entirety, and accordingly, plaintiff's Third and Fourth Causes of Action be **DISMISSED**.

Under the provisions of Rule 510.2, Local Rules, District of Puerto Rico, any party who objects to this report and recommendation must file a written objection thereto with the Clerk of the Court within ten (10) days of the party's receipt of this report and recommendation. The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections. Failure to comply with this rule precludes further appellate review. See Thomas v. Arn, 474 U.S. 140, 155 (1985), reh'g denied, 474 U.S. 1111 (1986); Davet v. Maccorone, 973 F. 2d 22, 30/31 (1st Cir. 1992); Paterson-Leitch v. Massachusetts Elec., 840 F.2d 985 (1st Cir. 1988); Borden v. Secretary of Health and Human Servs., 836 F.2d 4, 6 (1st Cir. 1987); Scott v. Schweiker, 720 F.2d 13, 14 (1st Cir. 1983); United States v. Vega, 678 F. 2d 376, 378-379 (1st Cir. 1982); Park Motor Mart, Inc. Ford Motor Co., 616 F. 2d 603 (1st Cir. 1980).

**The Court Reminds the parties that Judge Domínguez will not grant any extensions of time.** See Order of August 5, 2002 (Docket No. 69).

**SO RECOMMENDED.**

In San Juan, Puerto Rico, this 8th day of August, 2002.

*[signature]* U.S.M.J.

GUSTAVO A. GELPI
United States Magistrate-Judge