UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**DANIEL ROSADO**, et al.,
    Plaintiffs,
v.                                      CIVIL NO. 98-1384 (DRD)

**PUERTO RICO PEPSI COLA BOTTLING
COMPANY,**
    Defendants.

### ORDER

Pending before the Court is defendant's Motion for Partial Summary Judgment. (Docket No. 54). After the filing of an opposition, this matter was referred to Magistrate Gustavo Gelpi, for Report and Recommendation (R & R). (Docket No. 69). For the reasons stated below, the Court **ADOPTS** *in toto* the R & R, which to date **is still unopposed**. (Docket No. 70). Hence, defendant's motion for partial summary judgment is hereby **GRANTED**.

**I**

The District Court may refer dispositive motions to a United States Magistrate Judge for a Report and Recommendation. 28 U.S.C. § 636(b)(1)(B) (1993); Fed. R. Civ. P. 72(b); Rule 503, Local Rules, District of Puerto Rico. See Mathews v. Weber, 423 U.S. 261 (1976). Of course, an adversely affected party may contest the Magistrate's report and recommendation by filing its objections within ten (10) days after being served a copy thereof. See Local Rule 510.2(A); Fed. R. Civ. P. 72(b).

In the instant case, the R & R correctly and clearly points out that any objections to the MRR must have been filed with the Clerk of Court "within ten (10) days afer being served with a copy




thereof." Local Rule 510.2; see Local Rule 510.2(A); see also 28 U.S.C. § 636(b)(1). Further, the "written objections [] shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the legal basis for such objections." Local Rule 510.2. "Failure to file objections within the specified time waives the right to appeal the District Court's order." Local Rule 510.2(A); see United States v. Mitchell, 85 F.3d 800, 803 (1st Cir. 1996); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986). "**Absent objection by the plaintiffs, the district court had a right to assume that plaintiffs agreed to the magistrate's recommendation.**" Templeman v. Chris Craft Corp., 770 F.2d 245, 247 (1st Cir.), cert. denied, 474 U.S. 1021 (1985)(emphasis added). Moreover, "**[f]ailure to raise objections to the Report and Recommendation waives that party's right to review in the district court and those claims not preserved by such objection are precluded on appeal.**" Davet v. Maccarone, 973 F.2d 22, 30-31 (1st Cir. 1992)(emphasis added). See also Henley Drilling Co. v. McGee, 36 F.3d 143, 150-151 (1st Cir. 1994) (holding that objections are required when challenging findings actually set out in magistrate's recommendation, as well as magistrate's failure to make additional findings); Lewry v. Town of Standish, 984 F.2d 25, 27 (1st Cir. 1993) (stating that "[o]bjection to a magistrate's report preserves only those objections that are specified"); Keating v. Secretary of H.H.S., 848 F.2d 271, 275 (1st Cir. 1988); Borden v. Secretary of H.H.S., 836 F.2d 4, 6 (1st Cir. 1987) (holding that appellant was entitled to a de novo review, "however he was not entitled to a de novo review of an argument never raised"). See generally United States v. Valencia, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

**No objections to the R & R have been filed in this case**. Henceforth, the Court need only satisfy itself that there is **no plain error** on the face of the record in order to accept the unopposed

R & R. See Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1419 (5th Cir. 1996)(en banc)(extending the deferential "plain error" standard of review to the unobjected to legal conclusions of a magistrate judge); Nettles v. Wainwright, 677 F.2d 404, 410 (5ht Cir. 1982)(en banc)(appeal from district court's acceptance of unobjected findings of magistrate judge reviewed for "plain error"); Nogueras-Cartagena v. United States, 172 F.Supp.2d 296, 305 (D.P.R. 2001)("Court reviews [unopposed] Magistrate's Report and Recommendation to ascertain whether or not the Magistrate's recommendation was clearly erroneous")(adopting the Advisory Committee note regarding FED.R.CIV.P. 72(b)); Garcia v. I.N.S., 733 F.Supp. 1554, 1555 (M.D.Pa. 1990)("when no objections are filed, the district court need only review the record for plain error").

## II

The narration stated below contains those material facts which are considered uncontested. They are essentially those contained in defendant's statement of uncontested facts (Docket No. 54), because as will be discussed *infra*, plaintiff failed to comply with Fed.R.Civ.P. 56(e) and Local Rule 311.12. See Ruiz Rivera v. Riley, 209 F.3d 24, 28 (1st Cir. 2000)("Such rules are a distinct improvement—and parties ignore them at their parties ignore at their own peril")(citing prior cases).

In February 1993, defendant made an employment offer to plaintiff, Daniel Rosado. Plaintiff accepted the offer, in March of 1993. The terms and conditions of plaintiff's employment are contained in a letter dated February 8, 1993, as modified by another letter dated February 22, 1993, save only the stipend for housing. Pursuant to a letter of understanding, in July of 1995, plaintiff began to work for Buenos Aires Embotelladora SA ("Baesa"),[1] Florida Division, as the Business

---

[1] In 1994, Buenos Aires Embotelladora, or Baesa, Pepsi's bottler and distributor in Brazil, initiated an ambitious marketing and distribution strategy. Pepsi and Coca-Cola compete for a

Development Director of Pepsi Cola Engarrafadora do Brazil ("Engarrafadora"), Baesa's company in Brazil. Accordingly, he signed a "Letter of Understanding," in June of 1995, which stated his employment's terms and conditions with Baesa. He also signed a letter dated June 26, 1995, in which he agreed to move to Brazil, in order to carry out his new responsibilities with Engarrafadora. Plaintiff, together with his family, thus moved to Brazil, in July of 1995. However, prior to that date, on May 19, 1995, the Government of Brazil had issued a temporary visa, which would be valid and usable for a period of four (4) years. His family, that is, his wife and three (3) sons, began to reside in Brazil on the basis of a tourist visa, until eventually they were provided permanent visas. Plaintiff, on the other hand, was advised by the local government that the permanent visas would not be issued until approximately six (6) weeks. Local counsel in Brazil, the firm, Demarest e Almeida, were assisting the Rosado family with their application for visas. On January 19, 1996, plaintiff received a letter from Demarest e Almeida which updating the status of his and his family's visa application. Said letter explained a delay the firm encountered, due to the local government's bureaucracy. Approximately a month later, on February 14, 1996, plaintiff and his family received a letter advising them that their permanent visas had been issued.

However, in late 1996, plaintiffs employment with Baesa was suddenly terminated. Plaintiff and his family thus returned to the United States. Upon his return, he began seeking employment opportunities, but he proffers he was unable to obtain comparable employment opportunities to those he enjoyed previously.

Through this suit, plaintiff now proffers defendants are liable to him for not assisting him in enhancing his job opportunities. Specifically, he argues that defendants did not allow him to

---

$1.5 billion soft-drink market in Brazil. Yearly 4 billion liters of soda are sold in that country.

participate in an alleged job-out-placement program. The Court finds that it is uncontested in the record, however, that defendants have never offered a job-out-placement program for its previous employees. Hence, plaintiff's argument that defendants are negligent for excluding him from their alleged job-out-placement program must fail, since plaintiff cannot have been excluded from a program that never existed. Furthermore, the Court finds it is uncontested that defendants never agreed, through contract or otherwise, to provide plaintiff any kind of placement-assistance program, in the event of his employment termination.

## III

The Court fully agrees with Magistrate Gelpi regarding plaintiff's failure to comply with Local Rule 311.12. The Court further agrees that, when faced with a motion for summary judgment, the Court's first task is to determine whether parties have complied with Local Rule 311.12. Said rule provides, in relevant part, that "[t]he papers opposing a motion for summary judgment shall include a separate, short, and concise statement of the material facts as to which it is contended that there exists a genuine issue to be tried, **properly supported by specific reference to the record.**" The Court has examined the Motion for Summary Judgment and the Statement of Uncontested Material Facts and finds they are **not properly supported by specific reference to the record.**

It is sanctionable to impose upon the Court "the daunting burden of seeking a needle in a haystack . . . ." See Morales v. A.C. Orssleff's EFTF, 246 F.3d 32, 33 (1st Cir. 2001)("This case is a lesson in summary judgment practice"); Stepanischen v. Merchants Despatch Transp. Corp., 722 F.2d 922, 927 (1st Cir. 1983). The First Circuit Court has constantly reiterated, with reference to Rule 311.12, that "parties ignore [it] at their own peril . . . ." Ruiz Rivera v. Riley, 209 F.3d 24, 28

(1st Cir. 2000)(citing prior cases). The "anti-ferreting" rule found in Local Rule 311.12 requires parties to properly support their respective lists of material facts **"with specific references to the record."** Velez v. Puerto Rico Electric Power Authority, 170 F. Supp. 2d 158, 162 1st (1st Cir.2001)(emphasis added).

The First Circuit Court of Appeals has "encouraged district courts to adopt 'anti- ferreting' rules, which warn parties opposing summary judgment that, to preclude judgment as a matter of law, they must identify factual issues buttressed by record citations. "[O]nce so warned," that Court has added, "a party's failure to comply would, where appropriate, be grounds for judgment against that party.' " Id. (citing Stepanischen v. Merchants Despatch Transp. Corp., 722 F.2d 922, 927 (1st Cir. 1983)).And the First Circuit Court has constantly reiterated, with reference to this particular rule, that "parties ignore [it] at their own peril," and that "failure to present a statement of disputed facts, embroidered with specific citations to the record, **justifies deeming the facts presented in the movant's statement of undisputed facts admitted**." Ruiz Rivera v. Riley, 209 F.3d 24, 28 (1st Cir. 2000)(citing prior cases)(emphasis added).

This does not mean summary judgment shall be entered automatically; the FEDERAL RULES OF CIVIL PROCEDURE explain that "[i]f the adverse party does not [file an opposition], summary judgment, **if appropriate**, shall be entered against the adverse party." FED. R. CIV. 56(e) (emphasis added). The First Circuit Court of Appeals has repeatedly made clear that failure to timely oppose a motion for summary judgment, does not, in itself, justify entry of summary judgment against that party; therefore, a District Court is nonetheless "obliged to consider the motion on merits, in light of the record as constituted, in order to determine whether judgment would legally be appropriate." Kelly v. United States, 924 F.2d 355, 358 (1st Cir. 1991); see also Lopez v. Corporacion Azucarera

de Puerto Rico, 938 F.2d 1510, 1517 (1st Cir. 1991)(before granting an unopposed summary judgment motion, the court must inquire whether the moving party has met its burden to demonstrate undisputed facts entitling it to summary judgment as a matter of law).

The consequence of failing to oppose a motion for summary judgment simply "is that the party may lose the right to file an opposition." Mullen v. St. Paul Fire & Marine Ins. Co., 972 F.2d 446, 451-52 (1st Circuit 1991) (discussing unopposed motion for summary judgment). And a party that fails to oppose a motion for summary judgment, does so at its own risk and peril. See e.g. Herbert v. Wicklund, 744 F.2d 218, 223 (1st Cir. 1984)(plaintiffs that failed to file proper oppositions to the request for fees "proceeded at their own risk")' Corrada-Betances v. Sea-Land Services, Inc., 248 F.3d 40, 43 (1st Cir. 2001)("A party who opposes a properly substantiated motion for summary judgment but fails to muster counter-affidavits or other evidentiary materials does so at his peril").

In this case, the Court finds that defendants, the moving party, have duly complied with Local Rule 311.12. The Court notes that, together with their motion for summary judgment, they filed a separate, short and concise statement of undisputed material facts, in full accordance with Rule 311.12. Plaintiff, however, has failed to comply with Rule 311.12's strict requirements.

The Court further agrees with Magistrate Gelpi's R & R inasmuch as defendant's statement of uncontested material facts contains fifty-four (54), separate, short and concise factual statements, each appropriately referenced to the record. See Docket No. 54. On the other hand, plaintiff's statement of uncontested facts has merely four (4) contested facts. See Docket No. 59. Moreover, plaintiff's statement only contests paragraphs 2, 4, 5 and 51 of defendant's statement. Accoridngly, pursuant to Rule 311.12, paragraphs 1, 3, 6 thru 50, and 52-54 of defendant's statement of uncontested facts must be deemed admitted for purposes of ruling on its motion for summary

judgment. Hence, plaintiff has failed to carry its burden of complying with Local Rule 311.13, and has done so at its own peril.

But there is more. Plaintiff also fails to comply with Fed.R.Civ.P. 56(e). Said rule provides, in pertinent part, that plaintiff had a burden of attaching to its opposition to the motion for summary judgment, "opposing affidavits" which "shall be made on personal knowledge, [and] **shall set forth such facts as would be admissible in evidence . . . .**" See Fed.R.Civ.P. 56(e). Furthermore, said rule provides that plaintiff could not "rest upon the mere allegations or denials of the adverse party's pleading, but [plaintiff], by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue of trial." Id. Plaintiff's statement of uncontested facts fails to comply with said rule because the affidavit provided attached thereto is not supported by facts which would be admissible into evidence at trial. For example, paragraph 4 of plaintiff's statement boldly states that defendant "provided job outsourcing opportunities to some department executives" and then –conveniently– merely makes reference to plaintiff's own affidavit. Henceforth, because defendant's paragraph 51 was supposedly intended to be contested by plaintiff's paragraph 4, defendant's paragraph 51 shall be deemed uncontested, and thus, admitted.

Paragraphs 1, 2 and 3 of plaintiff's statement of contested facts state that:

1. Not all terms and conditions of [plaintiff's] employment contract with [defendant] are included in the letters dated February 8, 1993 and February 22, 1993 (references omitted).
2. [Plaintiff] signed two letters of understanding in June 1995 related to Baesa's employment (references omitted).
3. [Defendant] had additional moving responsibilities towards [plaintiff] than the ones included in the June 26, 1995 letter (reference omitted).

8

These paragraphs were intended to counter paragraphs 2, 4 and 5 of [defendant's] statement of uncontested facts. However, as Magistrate Gelpi noted, the Court fails to see how exactly plaintiffs' three counterstatements "set forth specific facts showing that there is a genuine issue for trial" as required by Fed.R.Civ.P. 56(e). Ironically, the **only** document which presents any specific facts countering paragraphs 2, 4, and 5 of defendant's statement of uncontested facts, **is plaintiff's own, self-serving affidavit**. Plaintiff's affidavit states that: (i) plaintiff was entitled to a severance payment (see para. 3, 4, and 5 of affidavit); (ii) plaintiff was excluded from defendant's job-out placement program (see para. 7 of affidavit); and (iii) plaintiff's Brazilian work visa was not obtained due to the defendant's fault (see para. 9, 10, and 11 of affidavit). The Court agrees with the R & R inasmuch as the statements contained in plaintiff's affidavit constitute inadmissible hearsay and/or are self-serving statements, which lack direct, personal, and verifiable knowledge. Hence, said statement are not sufficient to counter defendant's statement of uncontested facts. See, e.g., Garside v. Osco Drug, Inc., 895 F.2d 46, 50 (1st Cir. 1990)(holding that a party may not rely on hearsay to oppose a proper motion for summary judgment); FDIC v. Roldan Fonseca, 795 F.2d 1102, 1110 (1st Cir. 1986)(same); Smith v. Williams Hospitality Mgmt. Corp., 950 F.Supp. 440, 444 (D.P.R. 1997)(same); Ponce Federal Bank, F.S.B. v. The Vessel "Lady Abby", 780 F.Supp. 878, 881 (D.P.R. 1992)(same). See also, e.g., Santiago-Ramos v. Centennial P.R. Wireless Corp., 217 F.3d 46, 53 (1st Cir. 2000)(holding that affidavits which do not provide specific factual information made on the basis of personal knowledge are insufficient for opposing a proper summary judgment motion); Nereida- Gonzalez v. Tirado-Delgado, 990 F.2d 701, 706 (1st Cir. 1993)(same); Martinez v. Junta de Planificacion, 736 F.Supp. 413, 419 (D.P.R. 1990)(holding that "[a] genuine issue for trial precluding summary judgment is not created by mere allegations in the pleadings or by surmise

and conjecture on the parts of litigants; nor may summary judgment be defeated on gossamer thresds of whimsy and speculation")(citations omitted). Thus, the Court, for purposes of ruling upon the motion for partial summary judgment before it must deem as admitted defendant's statement of uncontested facts, pursuant to Fed.R.Civ.P. 56(e) and Local Rule 311.12.

## IV

Through their motion for summary judgment, defendants merely challenge plaintiff's third and forth causes of action. Thus, as did the R & R, the Court shall only analyze these two causes of action. In the third cause of action, plaintiff claims to have suffered damages supposedly when defendants purposely excluded him of their out-job-placement program. As a consequence, plaintiff also claims to have suffered tremendous economic and professional hardship. Furthermore, plaintiff claims additionally that defendants purposely delayed his Brazilian visa application, causing him hardship while living in that country. His third cause of action is premised on article 1802 of Puerto Rico's Civil Code. 31 P.R. Stat. Ann., sec. 5141. On the other hand, in his fourth cause of action plaintiff alleges as follows: "In the event that Defendant construes Plaintiff's relocation to Brazil as a termination, then, it would also be responsible to Plaintiff Rosado for his severance pay amounting to $115,000 pursuant to plaintiff's Daniel Rosado employment contract with Defendant."

It is well-known that, in order for liability to attach under Puerto Rico's tort statute (art. 1802, supra), it is central that defendant owe plaintiff a legal duty. In other words, if the defendants owed no legal duty towards plaintiff, then no liability ensues against defendants. <u>Sociedad de Gananciales v. Gonzalez Padin</u>, 117 D.P.R. 94, 125 (1986). Provided a duty exists, then plaintiff must also proved a causal nexus between the breach of said duty and the tort plaintiff claims. <u>Arroyo Lopez v. Estado Libre Asociado</u>, 126 D.P.R. 682, 689 (1986). The Court agrees with the R & R in that

plaintiff has failed to establish neither of these two prongs.

First of all, the delay in obtaining plaintiff's visas was the result of changes in Brazilian immigration requirements. See Statement of Uncontested Facts, para. 16 & 17, Docket No. 54. Expressed differently, the delay was wholly attributable to bureaucracy within the Brazilian government. Based on the facts deemed uncontested, there is nothing to prove defendants are at fault, or that they had an obligation to submit documentation to the Brazilian immigration authorities, particularly if none were requested. Thus, on this score, plaintiff's claim fails.

Plaintiff further claims that defendants supposedly excluded him from a job-out-placement program. But it is uncontested in the record that defendants have never offered such a program. See Statement of Uncontested Facts, para. 51-53, Docket No. 54. As his third cause of action, plaintiff also claims that defendants withheld monies from him, which were allegedly due to him, and thus caused him damages, because this precluded him from participating in various business opportunities. See Amended Complaint, para. 11, Docket No. 22. However, defendants deny owing plaintiff any monies, and plaintiff has failed to adequately contest this. Docket No. 54.

Plaintiff has failed to counter-proffer or provide admissible documents to show he had the opportunity to invest in business opportunities, or that, even provided said opportunities, he has not demonstrated that the defendants withheld any monies due to him, and that he hence lacked funds to invest. Consequently, plaintiff fails to establish at summary judgment that defendants were in any way negligent in withholding owed monies, because no such obligation ever existed. Thus, plaintiff has not established the sine qua non element of an article 1802 (tort) claim, under Puerto Rico law —the existence of a legal duty. See San Juan Star Company v. Casiano Communications, Inc., 176 F.Supp.2d 110, 113 (D.P.R. 2001)(quoting Sociedad de Gananciales v. Gonzalez Padin, 17 P.R.

11

Offic. Trans. 111, 125 (1986)). And it is plaintiff who, pursuant to Puerto Rico law, who bears the burden of establishing the existence of said legal duty. See Gierbolini Rosa v. Banco Popular, 930 F.Supp. 712, 717 (D.P.R. 1996)("Plaintiff must show that defendant's wrongful or negligent actions actually and proximately caused plaintiff certain and quantifiable damages")(quoting Sociedad v. El Vocero, 94 J.T.S. 13 (1994)). Thus, the Court agrees that this claim must also be summarily dismissed.[2] Plaintiff's third cause of action shall be dismissed.

Finally, plaintiff alleges in his complaint, as a forth cause of action, that defendants owe him severance payment equivalent to one year's salary, that is, $115,000. In the third paragraph of his attached affidavit (exhibit 10 to Docket No. 59) he states that defendants were "fully aware of its obligation to me of a severance payment equivalent to one year's salary. This was discussed with several people. Mr. Charles Beach offered me a one year severance payment verbally, through Mr. Lee Busch." The Court agrees with the R & R that this statement is not only self-serving, it is outright inadmissible hearsay. As such, it is not enough to defeat a motion for summary judgment. See Garside, 895 F.2d at 50. But plaintiff has also offered as proof of his claim, a questionnaire he had duly answered, which was sent to him by a New York law firm that represents defendants. See Exhibit 3, Docket No. 59. Again, the Court finds this to also be a self-serving statement, because

---

[2] The Court notes that, in his sur-reply, plaintiff proffered new facts and submitted additional documentation to counter defendants' statement of uncontested facts. However, this last-minute effort proves insufficient, because it fails to adequately comply with Local Rule 311.12; plaintiff failed to attach to his sur-reply any supplemental statement of contested facts. See Pagan de Jesus v. Toledo Davila, 184 F.R.D. 24, 26 (D.P.R. 1999)(Dominguez, J.)(requiring supplemental 311.12 statement of facts to be filed along with motions filed subsequently to summary judgment and opposition thereto). The Court also agrees with the R & R, in that to allow plaintiff to supplement his 311.12-statement, at this stage, would unjustifiably prolong the present litigation, as well as send the wrong message to litigants in this Court, that acquaintance and non-compliance with Local Rules is acceptable.

it was never approved by defendants. Besides, the questionnaire was merely being used in connection with a Registration Statement, covering a proposed sale of defendants' stock with the Stock Exchange Commission. As a corporate official, plaintiff was required to answer the questionnaire. In any event, the record does show that the terms and the conditions of plaintiff's employment with defendants were modified from time to time; but it is uncontested that all changes were made in writing, not verbally. As such, there is no admissible evidence in the record, written or verbally, suggesting that plaintiff ever became entitled to the severance payment he now claims. The Court finds that the terms and conditions of employment with defendants never provided for severance payment in case of the termination of his employment (voluntary or involuntary). Thus, on this score, his fourth cause of action is dismissed.

V

The Court finds that the R & R has not been objected or otherwise challenged. The Court is also satisfied that no plain error exists in the R & R.

**WHEREFORE**, the R & R is adopted *in toto*. Thus, defendant's Motion for Partial Summary Judgment is hereby granted. (Docket No. 54).[3]

**IT IS SO ORDERED.**

Date: September 03, 2002.

DANIEL R. DOMINGUEZ
U.S. DISTRICT JUDGE

P:\Kevins Cases\98-1384.unopposed R&R.wpd

---

[3] For administrative purposes, Docket No. 72 is **GRANTED**.